IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JOSE LUIS BANEGAS MARTINEZ, | § § § | |
| *Petitioner*, | § § | |
| | § | No. 1:26-CV-01578-DAE |
| v. | § § | |
| BLANCHE, *et al.*, | § § | |
| *Respondents*. | § § | |

## ORDER

Before the Court is Petitioner Jose Luis Banegas Martinez's ("Petitioner") Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, (Dkt. # 1). The Court finds this matter suitable for disposition without a hearing. After careful consideration of the parties' briefings and the relevant law, the Court **GRANTS** the Petition for Writ of Habeas Corpus (Dkt. # 1) for the reasons that follow.

## FACTUAL BACKGROUND

Petitioner Banegas Martinez is a citizen of Honduras who is currently being detained at the T. Don Hutto Detention Center in Taylor, Texas. (Dkt. # 1 at 5, 6.) On August 9, 2018, Petitioner was encountered by Border Patrol agents after he unlawfully entered the United States. (Dkts. ## 4 at 4; 4-1 at 1, 3.) Petitioner was detained by immigration authorities at that time for approximately four days

1

before he was released.  (See id.)  On August 10, 2018, Petitioner was issued a

Notice to Appear ("NTA"), and on August 12, 2018, he was released pursuant to an

Order of Release on Recognizance.  (Dkts. ## 4 at 4; 4-2 (NTA); 4-3 (Order of

Release on Recognizance).)  Since his release, Petitioner has resided continuously

in the United States.  (Dkt. # 1 at 10.)

In his approximately eight years in the country, Petitioner has built a

life here.  (Dkt. # 1 at 4, 10.)  Prior to his detention, Petitioner lived with his wife

and three children in Austin, Texas.  (Id. at 6.)  One of Petitioner's children, his

eight-year-old daughter, is a United States Citizen.  (Id. at 4.)  Petitioner works in

installing ceramic floor tiles and is the main financial supporter of his family.  (Id.

at 4, 13.)  Petitioner's wife is a stay-at-home mom, and without his support,

Petitioner alleges that his wife and children are suffering.  (Id. at 4.)  He has no

criminal arrests or convictions.  (Id.)

On May 5, 2026, Petitioner was stopped by law enforcement while

driving because the front license plate of his vehicle was allegedly not visible.

(Dkts. ## 1 at 4; 4-4 at 2.)  Because Petitioner could not provide a valid driver's

license, he was detained and then turned over to the custody of Immigrations and

Customs Enforcement agents.  (Id.)[1]  Petitioner was subsequently transferred to the

---

[1] Petitioner was not cited or charged with any traffic violation as a result of this stop.  (Dkt. # 1 at 3.)

T. Don Hutto Detention Center where he has remained detained without the opportunity for a bond hearing.  (Dkt. # 1 at 4.)

Petitioner writes that, because his wife and children depend on him for financial support and stability, he worries that his detention will cause his family to lose their home, in addition to damaging their emotional well-being and overall stability.  (Id. at 3.)  He therefore asks the Court for his immediate release.  (Id.)

PROCEDURAL HISTORY

On June 11, 2026, Petitioner filed his habeas petition.  (Dkt. # 1.)  On June 16, 2026, this Court ordered Respondents Todd Blanche, U.S. Attorney General; Markwayne Mullin, of the United States Department of Homeland Security ("DHS"); David J. Venturella, Director of United States Immigration and Customs Enforcement ("ICE"); Miguel Vergara, Field Office Director for Detention and Removal, U.S. Immigration and Customs Enforcement; and Charlotte Collins, Warden, T. Don Hutto Detention Center (collectively, "Respondents") to show cause within three days as to why the petition should not be granted.  (Dkt. # 3.)  Respondents Todd Blanche, Markwayne Mullin, David J. Venturella, and Miguel Vergara (herein, "Federal Respondents")[2] timely filed a response to the Petition on June 22, 2026.  (Dkt. # 4.)

---

[2] Respondent Collins, Warden of the T. Don Hutto Detention Center, has not joined the response.

3

<u>LEGAL STANDARD</u>

A district court may grant a writ of habeas corpus if a petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241.  The habeas petitioner "bears the burden of proving that he is being held contrary to law; and because the habeas proceeding is civil in nature, the petitioner must satisfy his burden of proof by a preponderance of the evidence." <u>Villanueva v. Tate</u>, No. CV H-25-3364, 2025 WL 2774610, at *4 (S.D. Tex. Sept. 26, 2025) (internal citation and quotations omitted).  "A court considering a habeas petition must 'determine the facts, and dispose of the matter as law and justice require.'" <u>Id.</u> (quoting 28 U.S.C. § 2243).

<u>DISCUSSION</u>

In his Petition, Petitioner challenges his mandatory detention as a violation of his Fifth Amendment due process rights, the Immigration and Nationality Act ("INA"), and the Administrative Procedure Act ("APA").  (Dkt. # 1 at 23–30.)

I.    <u>Subject Matter Jurisdiction</u>

As an initial matter, the Court finds that it has jurisdiction over this case for the same reasons stated in previous orders.  <u>Campuzano v. Noem</u>, No. 1:25-cv-1715-DAE, 2026 WL 90062 (W.D. Tex. Jan 6, 2026); <u>Fabian-Granados v. Bondi</u>, No. 1:25-cv-2068-DAE, 2026 WL 90061 (W.D. Tex. Jan. 8, 2026); <u>Silva v.</u>

4

Bondi, No. 1:25-cv-2155-DAE, 2026 WL 90060 (W.D. Tex. Jan. 12, 2026).  The

Court also finds that, to the extent an administrative exhaustion requirement would

normally apply in this situation, "[b]ecause Respondents argue the detention of

Petitioner is mandatory, claiming no one, including the [immigration judge], can

review the detention issue, any attempt to require Petitioner to exhaust any

administrative remedies [would be] futile."  See Lorenzo C. P., v. Noem, No. 1:25-

CV-181, 2025 WL 3684859, at *5 (S.D. Tex. Oct. 31, 2025); see also Shi v. Lyons,

No. 1:25-CV-274, -- F. Supp. 3d --, 2025 WL 3637288, at *4 n.6 (S.D. Tex. Dec.

12, 2025); (Dkt. # 6 at 1 (asserting that Petitioner is ineligible for bond before an

immigration judge)).

II.    The Merits of the Petition for Writ of Habeas Corpus

Having concluded that it has jurisdiction over Petitioner's claims, the

Court turns to the merits of Petitioner's habeas petition.  Because the Court finds

that Petitioner's detention violates his right to procedural due process under the

Fifth Amendment of the United States Constitution, it does not reach Petitioner's

other bases for relief.[3]  The Court's analysis proceeds in two steps: first, the Court

---

[3] To the extent Federal Respondents argue that the Fifth Circuit's recent decision in
Buenrostro-Mendez v. Bondi, --- F.4th ---, No. 25-20496, 2026 WL 323330 (5th
Cir. Feb. 6, 2026), prevents this Court's review of the Petitioner's due process
claims, the Court, like other courts that have considered the question, finds such an
argument unpersuasive.  See Valencia Reyes v. Noem, et al., No. SA-25-CA-
01921-XR, Dkt. # 7, at *6–8 (W.D. Tex. Feb. 25, 2026) (collecting cases).  Indeed,
the Fifth Circuit's decision was limited only to that petitioner's statutory

will discuss whether and to what extent procedural due process applies to Petitioner; and second, the Court will analyze whether Petitioner's due process rights were violated.

First, the Court concludes that Petitioner is entitled to due process protections. The Fifth Amendment's Due Process Clause prevents the Government from "depriv[ing]" any "person . . . of liberty . . . without due process of law." U.S. CONST. amend. V. This right is not limited to United States citizens; noncitizens are similarly entitled to due process under the Fifth Amendment. Trump v. J. G. G., 604 U.S. 670, 673 (2025); Demore v. Kim, 538 U.S. 510, 523 (2003). "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects." Zadvydas v. Davis, 533 U.S. 678, 690 (2001) (citing Foucha v. Louisiana, 504 U.S. 71, 80 (1992)). Petitioner's case does not materially differ from those that this Court has recently considered and determined that procedural due process protections apply. See Gomez-Gonzalez v. Vergara, No. 5:26-CV-598-

---

interpretation arguments and did not reach any issue of whether a petitioner's detention violated the Fifth Amendment. See Buenrostro-Mendez, 2026 WL 323330. The Government acknowledged as much in their oral arguments by stating: "We have one issue before the Court now: the statutory question. . . . There's not, in other words, a due process claim here." Oral Argument, Buenrostro-Mendez, 2026 WL 323330, at 44:56–45:11 (5th Cir. Feb. 3, 2026), available at https://www.ca5.uscourts.gov/OralArgRecordings/25/25-20496_2-3-2026.mp3.

DAE, 2026 WL 594364 (W.D. Tex. Feb. 27, 2026); Acosta Espana v. Ortega, No. 1:26-CV-00300-DAE, 2026 WL 594362 (W.D. Tex. Mar. 2, 2026); Guzman Sanchez v. Bondi, No. 1:26-CV-00379-DAE, 2026 WL 594365 (W.D. Tex. Feb. 27, 2026); JAIRO ENRIQUE RAGA ALEMAN, Petitioner, v. HOMAN, et al., Respondents. Additional Party Names: Beatriz Adriana Aleman Lopez, No. 1:26-CV-00529-DAE, 2026 WL 752450 (W.D. Tex. Mar. 16, 2026). Accordingly, for the reasons described in the Court's prior orders, Petitioner may bring a procedural due process claim.

Having found that Petitioner is entitled to due process protection under the Fifth Amendment, the Court turns to whether Petitioner's arguments are meritorious. "The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" Mathews, 424 U.S. at 333 (quoting Armstrong v. Manzo, 380 U.S. 545, 552 (1965)). "To determine whether a civil detention violates a detainee's due process rights, courts apply the three-part test set forth in Mathews[.]" Martinez v. Noem, No. 5:25-cv-1007-JKP, 2025 WL 2598379, at *2 (W.D. Tex. Sept. 8, 2025). Those factors are: (1) "the private interest that will be affected by the official action"; (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards"; and (3) "the Government's interest, including the function involved and the fiscal and

7

administrative burdens that the additional or substitute procedural requirement would entail." Mathews, 424 U.S. at 335.

The first factor weighs heavily in Petitioner's favor. "'The interest in being free from physical detention' is 'the most elemental of liberty interests.'" Martinez v. Noem, 2025 WL 2598379, at *2 (W.D. Tex. Sept. 8, 2025) (quoting Hamdi v. Rumsfeld, 542 U.S. 507, 529 (2004)). In this case, Petitioner lived his life in the United States free from custody for approximately eight years prior to his recent detention. He has extensive family and community ties to the country, including a U.S. Citizen child, and has no criminal convictions. "The Supreme Court has repeatedly affirmed that '[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception.'" Hernandez-Lara v. Lyons, 10 F.4th 19, 27 (1st Cir. 2021) (citing United States v. Salerno, 481 U.S. 739, 755 (1987)). This interest "deserves great weight and gravity" and thus weighs heavily in Petitioner's favor. See Vieira, 806 F.Supp.3d at 701.

On the second factor, courts consider "whether the challenged procedure creates a risk of erroneous deprivation of individuals' private rights and the degree to which alternative procedures could ameliorate these risks." Martinez v. Noem, 2025 WL 2598379, at *3 (quoting Gunaydin v. Trump, 784 F.Supp.3d 1175, 1187 (D. Minn. 2025)). Here, there is a high risk of erroneous deprivation of

Petitioner's liberty since he is being detained without the opportunity for an individualized bond hearing, depriving him of the ability to contest the reasonableness of his detention.  See Vieira, 806 F.Supp.3d at 701 ("The risk lies in the automatic continued deprivation of liberty . . .").  There would be significant value added by additional safeguards, such as a bond hearing or pre-detention notice, that would reduce the likelihood of an erroneous loss of liberty.  This is particularly true for Petitioner, who has received no individualized explanation as to the decision to re-detain him after years of living free of detention.  Indeed, Federal Respondents do not anywhere assert that Petitioner has violated any of his conditions of release.  (See Dkt. # 4.)  "[A]bsent some change in [Petitioner's] personal circumstances, the decision to incarcerate [him] after [] years at liberty gives rise to an elevated concern that [he] has been detained without a valid reason."  Santiago v. Noem, EP-25-cv-361-KC, 2025 WL 2792588, at *12 (W.D. Tex. Oct. 2, 2025); see also Valencia Reyes, No. SA-25-CA-01921-XR, Dkt. # 7, at *24.  Thus, this factor also weighs in Petitioner's favor.

The third factor is the Government's interest.  See Mathews, 424 U.S. at 335.  The Government has a legitimate interest "in ensuring that noncitizens appear for their removal hearings and do not pose a danger to the community."  Lopez-Arevelo, 801 F.Supp.3d at 686–87.  But where Respondents have already made the decision to release Petitioner years ago, that decision "in and of itself[]

9

'reflects a determination . . . that the noncitizen is not a danger to the community or a flight risk.'" Id. (citing Saravia v. Sessions, 280 F. Supp. 3d 1168, 1176 (N.D. Cal. 2017), aff'd 905 F.3d 1137 (9th Cir. 2018)).  Federal Respondents do not assert that any considerations have changed since that determination was made. (See Dkt. # 4.)  Moreover, such an interest could be adequately protected through individualized bond hearings—process that Federal Respondents find unnecessary. As another court in this District stated: "Respondents make no meaningful representation that the burden of providing this additional increment of process is beyond their ability.  Instead, they only maintain that due process does not require it." Valencia Reyes, No. SA-25-CA-01921-XR, Dkt. # 7, at *25.  Thus, as applied to this Petitioner, this factor is neutral.

In weighing all three factors, the Court finds the scale tips in Petitioner's favor; thus, Petitioner's detention without an opportunity to challenge his detention through an individualized assessment violates his right to procedural due process under the Fifth Amendment of the United States Constitution.

III.    Appropriate Relief

On the issue of appropriate relief, the Court is persuaded that it need not depart from the "typical remedy" in habeas cases challenging the lawfulness of detention, which "is, of course, release." See Munaf v. Geren, 553 U.S. 674, 693 (2008).  Further, ordering a bond hearing under these circumstances would require

the Immigration Judge to do that which he believes he lacks authority to do following <u>Matter of Yajure Hurtado</u>, 29 I&N Dec. 216, 220 (BIA 2025).  The Court instead finds that the more appropriate remedy here is release.  <u>See</u> <u>Azua-Zuniga v. Bondi et al.</u>, No. 1:26-cv-287-RP (W.D. Tex. Feb. 20, 2026) (finding support for the same remedy under similar circumstances); <u>Valencia Reyes</u>, No. SA-25-CA-01921-XR, Dkt. # 7, at 25 (same); <u>Longoria Mendoza</u>, No. 5:26-CV-0728-JKP, Dkt. # 9, at *17–18 (same).

Indeed, the Court notes its agreement that bond hearings are "no substitute for the requirement that ICE engage in a 'deliberative process prior to, or contemporaneous with,' the initial decision to strip a person of the freedom that lies at the heart of the Due Process Clause." <u>Cruz-Reyes v. Bondi</u>, No. 5:26-cv-60, 2026 WL 332315, at *6 (S.D. Tex. Feb. 3, 2026) (quoting <u>Gonzalez v. Joyce</u>, No. 25 Civ. 8250, 2025 WL 2961626 (S.D.N.Y. Oct. 19, 2025)).  "The suggestion that government agents may sweep up any person they wish without consideration of dangerousness or flight risk, so long as the person will, at some unknown future date, be allowed to ask some other official for his or her release, offends the ordered system of liberty that is the pillar of the Fifth Amendment." <u>Gonzalez</u>, 2025 WL 2961626, at *5.

CONCLUSION

For the foregoing reasons, the Court **GRANTS** the Petition for

Habeas Corpus.  (Dkt. # 1.)  It is **ORDERED** that:

1. Respondents are **DIRECTED** to **RELEASE** Petitioner Jose Luis Banegas Martinez from custody, under conditions of release no more restrictive than those in place prior to the detention at issue in this case, to a public place by **no later than 5:00 p.m. on June 27, 2026**.  Respondents are further **ORDERED** to return Petitioner's identification documents, immigration documents, and personal belongings to him upon release.

2. Respondents must **NOTIFY** Petitioner's counsel by email (Victor@AranaLaw.com) of the exact location and exact time of Petitioner's release as soon as practicable and **no less than two hours before his release**.

3. Respondents are enjoined from further detaining Petitioner without first conducting a bond hearing, scheduled with notice to Petitioner's attorneys and set at a date agreed upon by both parties.  At such a hearing, Respondents bear the burden of justifying, by clear and convincing evidence of dangerousness or flight risk, Petitioner's detention.

4. Respondents shall **FILE** a status report no later than **6:00 p.m. on June 29, 2026**, detailing their compliance with this Order.

    **IT IS SO ORDERED**.

    **DATED**: Austin, Texas, June 25, 2026.

_____
David Alan Ezra
Senior United States District Judge